**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22361-BLOOM/Elfenbein**

**STACY ALLEN TAYLOR**, *et al.*,

Plaintiffs,

v.

**CORRINE KEEL**, *et al.*,

Defendants.

___________________________/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Plaintiff Stacy Allen Taylor's Complaint, ECF No. [1], Motion to Remain in the Southern District of Florida, ECF No. [7], and Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [8]. The matter was assigned to Magistrate Judge Marty Fulgueira Elfenbein who, while not possessing authority to issue a dispositive order in this case, issued a Report and Recommendations ("R&R") recommending that Plaintiff's Complaint dismissed without prejudice for failure to prosecute, for failure to comply with the Court's Order to Show Cause, ECF No. [9], for failure to state a claim, and for lack of Article III standing. ECF No. [10].

The Report and Recommendation advised the parties they had "fourteen (14) days from the date of being served with a copy of th[e] Report and Recommendation within which to file written objections, if any, with this Court." *Id.* To date, the parties have not filed objections, nor have they sought additional time to file objections. Nonetheless, the Court has conducted a *de novo*

review of Judge Elfenbein's Report and Recommendation and the record and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge Elfenbein's Report and Recommendation to be well reasoned and correct. The Court therefore agrees with the analysis and concludes that Plaintiff's Complaint is dismissed with prejudice.[1]

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [10]**, is **ADOPTED**.
2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
3. All pending motions are **DENIED AS MOOT**.
4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, on August 20, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

[1] Although the general rule is that a *pro se* litigant must have at least one opportunity to amend his or her complaint, that is only case where the filing of an amended complaint would not be futile, and a more carefully drafted complaint would still fail to state a claim. *See Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) ("[A]bsent a showing of futility or lack of desire to amend, [*pro se* plaintiff] had to be given at least one chance to amend his claims."). Here, the Court finds that leave to amend would be futile.